UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **KENNETH WHEELER**<br>    **LA. DOC. #108870** | **CIVIL ACTION NO. 08-0337** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE MELANÇON** |
| **WAYNE MELANSON, ET AL.** | **MAGISTRATE JUDGE METHVIN** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff, Kenneth Wheeler, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on March 6, 2008. Plaintiff, an inmate in the custody of Louisiana's Department of Public Safety and Corrections, is currently incarcerated at the Madison Correctional Center, Talullah, Louisiana. He complains that two automobiles belonging to him were wrongfully forfeited and sold by the Acadia Parish Sheriff's Office. Plaintiff names as defendants Acadia Parish Sheriff Wayne Melançon and Fifteenth Judicial District Attorney Michael Harson. He prays for compensation for the loss of certain vehicles; the arrest and indictment of all persons involved in the alleged illegal activity surrounding the sale of his vehicles and plaintiff's illegal incarceration; and for plaintiff's immediate release from custody.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that plaintiff's complaint be **DISMISSED WITH PREJUDICE** pursuant to the provisions of 28 U.S.C. §§1915 and 1915A.

2

*Statement of the Case*

Plaintiff alleges as follows: on May 25, 2006 plaintiff was arrested and charged with distribution of cocaine by the Acadia Parish Sheriff's Office. His 1987 Oldsmobile was seized and impounded by the arresting agency.  Plaintiff's attorney filed a motion seeking the return of the vehicle, and on June 28, 2006, a district judge ordered the vehicle's return; however, the Acadia Parish Sheriff's Office refused to release the vehicle.  On October 17, 2006 plaintiff was again arrested and charged with distribution of cocaine. His 1996 Honda was seized by the Acadia Parish Sheriff's Office.  On May 29, 2007 plaintiff pled guilty to possession with intent to distribute cocaine.  Two counts of distribution of cocaine were dismissed.  The trial judge ordered the return of the 1987 Oldsmobile and the 1996 Honda. Since plaintiff was incarcerated, the vehicles were to be returned to his attorney.  The Acadia Parish Sheriff's Office again refused to return the vehicles.  On some unspecified date plaintiff filed a *pro se* Motion for Contempt against the Acadia Parish Sheriff's Office. On August 8, 2007, a hearing was convened. At the hearing plaintiff discovered that both vehicles at been sold on April 17, 2007.  On August 15, 2007 plaintiff received a letter from his attorney which included a Notice of Pending Forfeiture of the Oldsmobile dated May 31, 2006 and a Notice of Pending Forfeiture of the Honda dated October 19, 2006.[1] According to plaintiff, these notices were not served on him.

Plaintiff signed this civil rights complaint on March 4, 2008; it was received and filed on March 6, 2008.

---

[1] As is shown more fully below, the undersigned has concluded that the seizure, forfeiture, and sale of plaintiff's vehicles was accomplished pursuant to the provisions of Louisiana's Seizure and Controlled Dangerous Substances Property Forfeiture Act of 1989, codified at La. R.S.40:2601 –2622. A "Notice of Pending Forfeiture" is a written document prepared by the District Attorney and served upon the "owner and interest holder" of property which the District Attorney has determined is subject to forfeiture under the Act. See La. R.S.40:2608.

3

*Law and Analysis*

*1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986). District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*,

4

47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff argues specific legal theories and provides a detailed recitation of the facts in support of his claim for relief. Plaintiff need not be afforded an opportunity for further amendment.

## 2. Habeas Corpus Relief

Among other things, plaintiff seeks his "immediate release" from custody. A civil rights action is not the proper vehicle to secure such a release; release from custody must be obtained through *habeas corpus* proceedings filed in federal court after the complete exhaustion of state court remedies. *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Serio v. Members of the La. State Board of Pardons*, 821 F.2d 1112, 1117 (5th Cir.1987) (Challenges to the fact or duration of a prisoner's physical confinement must be pursued through an application for writ of *habeas corpus*.); *Muhammad v. Close*, 540 U.S. 749, 750, 124 S.Ct. 1303, 1304 (2004)("Challenges to the validity of any confinement or to particulars affecting its duration are the province of *habeas corpus*.").

To the extent that plaintiff seeks his immediate release from custody pursuant to 42 U.S.C. §1983, he has failed to state a claim for which relief may be granted.

## 3. The Arrest and Indictment of the Defendants

Plaintiff also prays for "the arrest and indictment of all persons involved in the illegal activity surrounding the sale" of his vehicles and his "illegal incarceration." Such relief is also

5

not available through this complaint. The decision of whether to prosecute an individual is left to the executive charged with enforcing the criminal laws of the state. *Home Depot, Inc. v. Guste*, 773 F.2d 616, 626 (5th Cir.1985) (quoting *United States v. Green*, 697 F.2d 1229, 1235 (5th Cir.), *cert. denied*, 463 U.S. 1210, 103 S.Ct. 3542 (1983)). Thus, again, plaintiff has failed to state a claim for which relief may be granted.

### 4. Heck v. Humphrey Considerations

Plaintiff implies that he is illegally confined. To the extent that he seeks monetary damages for his false imprisonment, his claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck*, the Supreme Court held that "... in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*, 28 U.S.C. § 2254.

A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 486-87 (footnote omitted).

Plaintiff has not met the precondition defined by *Heck* and his complaint, to the extent that he implies that he is entitled to monetary damages for false imprisonment, must be dismissed

with prejudice as frivolous until such time that he can demonstrate that his conviction has been invalidated. See *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir.1996); *Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994) ("Dismissal of the §1983 action under 28 U.S.C. § 1915(d) is appropriate, post- *Heck*, because the plaintiff's action has been shown to be legally frivolous.")

*5. Prosecutorial Immunity*

Any claim for monetary damages against District Attorney Harson is barred by the doctrine of absolute prosecutorial immunity. A district attorney is absolutely immune in a civil rights suit for any action taken pursuant to his role as prosecutor in preparing for the initiation of judicial proceedings and in presenting the State's case. See *Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir.1997); *Schrob v. Catterson*, 948 F.2d 1402, 1411-12 (3rd Cir.1991) (finding that prosecutorial immunity extends to civil forfeiture proceedings).

To the extent that plaintiff's claim against District Attorney Harson is based on his role as the attorney for the State in the judicial proceeding that resulted in the seizure, forfeiture, and sale of his automobiles, it is subject to dismissal. In other words, if the complained of conduct was performed in this defendant's role as the State's advocate, he is entitled to absolute prosecutorial immunity.[2]

---

[2] In *Alexander v. Ieyoub*, 997 F.2d 881 (5th Cir. 1993), the Fifth Circuit, citing *Schrob v. Catterson, supra*, refused to grant absolute prosecutorial immunity where the alleged fault involved the retention and management of property seized under the forfeiture statutes. The court reasoned that the retention and management of property is an administrative duty, not a prosecutorial function and thus is not protected by absolute immunity.

Plaintiff's pleadings imply that property in question was retained and managed by the defendant Sheriff and not the District Attorney. Plaintiff further implies that he faults the District Attorney for neglecting to serve Notices of Forfeiture within the time frame mandated by the forfeiture statute. Thus, plaintiff faults Harson for actions taken in

7

*6. Parratt/Hudson*

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States" *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).[3]

Plaintiff's claim implicates the due process clause of the Fourteenth Amendment. The Due Process Clause provides "nor shall any State deprive any person of life, liberty, or property, without due process of law." United States Constitution, Amendment XIV. Here, plaintiff complains that he was deprived of property – his two automobiles – without due process. More specifically, he contends that although the defendants had prepared timely Notices of Pending Forfeiture dated May 31, 2006 for the Oldsmobile and October 19, 2006 for the Honda, he was never served with the Notices and therefore he was unable to timely contest the seizure and forfeiture of his vehicles. Further, or in the alternative, he contends that the defendants violated court orders directing the return of his automobiles.

A claim for random deprivation of personal property is not cognizable under §1983. In *Parratt v. Taylor*, 451 U.S. 527, 544, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), a prisoner claimed

---

his role as the State's attorney.

Louisiana law, specifically La. R.S.40:2617(E) provides, "Acts or omissions of the district attorney in the course of their duties in the enforcement of any of the provisions of this Chapter, including provision of any legal services prior to charging, petition, or seizure, are prosecutorial and shall not subject the attorneys or their principals to civil liability."

In short, it appears that Harson is entitled to absolute prosecutorial immunity.

[3] More precisely, 42 U.S.C. §1983 provides in pertinent part, "Every person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...." (Emphasis supplied)

that prison officials had negligently deprived him of his personal property without due process of law. The Supreme Court held that the prisoner was "deprived" of his property within the meaning of the Due Process Clause of the Fourteenth Amendment, but the Court ruled that the State's post-deprivation tort remedy provided all the process that was due. *Id.,* 451 U.S. at 536-37, 101 S.Ct. at 1913.

The Due Process Clause does not embrace tort law concepts. Although a litigant may be afforded a remedy under state tort law for deprivation of property, the Fourteenth Amendment does not afford such a remedy. *Daniels v. Williams,* 474 U.S. 327, 335, 106 S.Ct. 662, 667, 88 L.Ed.2d 662 (1986). Even in instances where intentional deprivation occurs where an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated, so long as the deprivation was "random." *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Davis v. Bayless*, 70 F.3d 367 (5th Cir. 1995); *Murphy v. Collins*, 26 F.3d 541 (5th Cir. 1994).

This principle (known as the *Parratt/Hudson* doctrine) rests on the premise that because the state is unable to predict random and unauthorized conduct, pre-deprivation remedies are unfeasible. *Davis*, 70 F.3d at 375, citing, *Zinermon v. Burch*, 494 U.S. 113, 128-32, 110 S.Ct. 975, 985-86, 1098 L.Ed.2d 100 (1990) (distinguishing between random unauthorized conduct and a deprivation which results from predictable conduct authorized by a State).

In this case, plaintiff's allegations, accepted as true for purposes of this evaluation, demonstrate that a random and unauthorized deprivation occurred when plaintiff's automobiles were forfeited and sold in violation of the notice requirements of Louisiana law. Additionally, or in the alternative, plaintiff complains of a random and unauthorized deprivation that occurred

9

when the defendants ignored two court orders directing the return of his vehicles.[4] Thus, since plaintiff's losses were the result of random and unauthorized deprivations, he is not entitled to relief pursuant to §1983 if adequate state law remedies are available.

Louisiana law provides plaintiff the opportunity to seek redress for either the negligence or for the intentional torts committed by the defendants. See La. Civil Code article 2315. This provision of state law, which is the general tort provision of Louisiana's Civil Code provides all the process that is required, and thus, the Fourteenth Amendment is not implicated. *Charbonnet v. Lee*, 951 F.2d 638 (5th Cir.), *cert. denied*, 505 U.S. 1205, 112 S.Ct. 2994, 120 L.Ed.2d 871

---

[4] Whether or not the deprivations were random and unauthorized is of crucial importance in determining the applicability of *Parratt/Hudson*. In *Alexander v. Ieyoub*, 62 F.3d 709 (5th Cir. 1995), the plaintiff's car was seized when a third party who was driving the car was arrested on drug charges. Charges against the plaintiff were dropped. However, despite repeated requests, the seizing agency refused to return the vehicle. Plaintiff filed suit in a Louisiana court and two weeks before trial, the District Attorney filed a motion to forfeit the vehicle. While these state proceedings were pending, plaintiff filed a §1983 complaint in federal court. The defendants moved for summary judgment arguing the applicability of *Parratt/Hudson*. The federal district court granted relief and plaintiff appealed. The Fifth Circuit reversed. Citing *Zinermon v. Burch, supra*, the court concluded that "... state officials could not characterize their conduct as random and unauthorized if the state had 'delegated to them the power and authority to effect the very deprivation complained of.'" The Fifth Circuit determined that the conduct of the offending D.A.s was "authorized" by the forfeiture statute, "Although the Louisiana statute [La. R.S. 32:1550(C)] providing for a forfeiture proceeding gives the D.A. the authority to institute the proceeding, it does not specify a time period within which the D.A. should act. The Defendants therefore had the discretion to institute the proceeding whenever they wanted, and their actions in delaying for nearly three years, although unreasonable, were not in conflict with their authority under state law." *Alexander v. Ieyoub*, 62 F.3d at 712. Further, the court considered evidence that established that the defendants routinely retained custody of seized vehicles without timely instituting forfeiture proceedings and therefore, since the defendants were following their customary procedure, the deprivation was neither "random" nor "unauthorized." *Id.*, at 713.

On the other hand, "... when safe-guard policies exist but the challenged actions fail to comply with those policies..." a "random and unauthorized" deprivation can be identified. *Harrell v. Matthews*, 1994 WL 504416 (E.D.La. 1994) (approved and adopted, 1994 WL 449451). In *Harrell*, the plaintiff's automobile was seized in connection with his criminal arrest. He was subsequently convicted and his vehicle was sold after his conviction without notice of forfeiture as mandated by Louisiana law. His §1983 complaint was dismissed pursuant to *Parratt/Hudson* because, plaintiff did not contest the validity of the Louisiana forfeiture statute, but rather, he alleged that the defendants failed to comply with the notice requirements of the statute. The court noted that the adequacy of the state's procedure was not challenged. Instead, the defendants' failure to abide by the policy or procedure was at issue. Thus, the deprivation was determined to be random and unauthorized.

Such is the case at bar. Here, plaintiff does not dispute the validity of the forfeiture statute. Instead he complains that the defendants did not comply with the notice requirements of the statute. As such, the complained of acts of the defendants were "random and unauthorized" and therefore plaintiff's claim is barred by the *Parratt/Hudson* doctrine.

10

(1992).

A liberal construction of plaintiff's complaint fails to support a constitutional violation; plaintiff's claim is clearly barred by the *Parratt/Hudson* doctrine. Plaintiff's claim lacks an arguable basis in law and therefore her complaint should be dismissed as frivolous.

*7. Rooker/Feldman Doctrine*

While not specifically alleged, it appears obvious that the seizure, forfeiture, and sale of plaintiff's automobiles occurred pursuant to the provisions of La. R.S.40:2601 *et seq*., the "Seizure and Controlled Dangerous Substances Property Forfeiture Act of 1989."[5] The Act provides a detailed procedure for the seizure and forfeiture of property used in illegal drug activities. La. R.S. 40:2601 *et seq*. Before property seized under the Act may be forfeited and sold, a forfeiture proceeding must be filed in the appropriate Louisiana Judicial District Court; thereafter, the District Court ultimately determines the validity of the seizure and the appropriateness of forfeiture and sale. See La. R.S.40:2602 (Jurisdiction and venue); 40:2608.1 (Sale of property pending forfeiture); 40:2611 (Judicial proceedings generally); 40:2612 (In rem proceedings); 40:2613 (In personam proceedings); 40:2615(Judicial disposition of property).

Thus, it is apparent that plaintiff's automobiles were seized and forfeited and ultimately sold pursuant to the provisions of the Seizure and Controlled Dangerous Substances Property Forfeiture Act of 1989 in state court proceedings in the Fifteenth Judicial District Court.

---

[5] Plaintiff has alleged that his vehicles were seized and impounded by the Acadia Parish Sheriff's Office as a result of his May 25, 2006 and October 17, 2006 arrests on charges of distribution of cocaine. La. R.S.40:2604 provides in part, "The following property is subject to seizure and forfeiture as contraband, derivative contraband, or property related to contraband ... (2) All property that is ... (b) Used or intended to be used in any manner to facilitate conduct giving rise to forfeiture, provided that a conveyance subject to forfeiture solely in connection with conduct in violation of R.S.40:961 et seq. [Louisiana's Uniform Controlled Dangerous Substances Law] may be forfeited only pursuant to the provisions of this Chapter."

11

Plaintiff now challenges the result of those state court proceedings in this forum by arguing that his property was seized and forfeited in violation of the Act's notice requirements. However, consideration of plaintiff's claims is barred by the *Rooker/Feldman* [See *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983)] doctrine. The *Rooker/Feldman* doctrine prohibits federal district courts from entertaining collateral attacks on state court judgments. The doctrine imposes a jurisdictional limitation on federal court action.

Further, and more to the point, the *Rooker/Feldman* doctrine applies to bar federal challenges to state forfeiture proceedings. See, e.g., *Joseph v. Holiday*, 263 F.3 163 (5th Cir. June 13, 2001) (unpublished) ("'The *Rooker-Feldman* doctrine holds that federal district courts lack jurisdiction to entertain collateral attacks on state judgments.' *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir.1994) (footnote omitted). If the district court must examine issues that are 'inextricably intertwined with a state judgment, the [district] court is in essence being called upon to review the state-court decision, and the originality of the district court's jurisdiction precludes such a review.' *Id.* (internal quotations omitted). Under the *Rooker-Feldman* doctrine, Joseph may not attempt to invalidate the state court judgment in the forfeiture proceeding in federal court."); *Hunter v. City of Houston*, 101 F.3d 699, 1996 WL 661253 (5th Cir. Oct.23, 1996) (unpublished) ("... Hunter's challenge actually concerns the state forfeiture proceeding. The *Rooker-Feldma*n doctrine precludes federal-court relitigation of any claim that is 'inextricably intertwined' with a state-court judgment. *Howell v. Supreme Court of Texas*, 885 F.2d 308, 312 (5th Cir.1989). Hunter may not circumvent this rule by casting his complaint in the form of a civil rights action. *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir.), cert.

12

denied, 513 U.S. 906, 115 S.Ct. 271, 130 L.Ed.2d 189 (1994). Accordingly, the judgment of the district court is affirmed on the ground that it lacked subject-matter jurisdiction to consider Hunter's claims."); *Pine v. Brumfield*, 96 F.3d 1444 (5th Cir. Aug.26, 1996) (unpublished) ("Pine's due process and Fourth Amendment challenges are 'inextricably intertwined' with his state court conviction for cruelty to animals and the civil forfeiture of a colt. See *Pine (Approximately 15 Horses and 2 Head of Cattle) v. State*, 921 S.W.2d 866 (Tex.Ct.App.1996), writ applied for (Jul. 18, 1996). Pine is essentially calling upon the federal courts to review the validity of the state-court decisions regarding his conviction and the forfeiture. Under the *Rooker-Feldman* doctrine, 'federal district courts lack jurisdiction to entertain collateral attacks on state court judgments.' *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir.), cert. denied, 115 S.Ct. 271 (1994). 'When issues raised in a federal court are 'inextricably intertwined' with a state judgment and the court is 'in essence being called upon to review the state-court decision,' the court lacks subject matter jurisdiction.' *Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir.1995) (citations omitted). 'The casting of a complaint in the form of a civil rights action cannot circumvent this rule.' *Liedtke*, 18 F.3d at 317.")

      In short, plaintiff seeks to collaterally attack the judgment of the Fifteenth Judicial District Court insofar as it approved the seizure, forfeiture, and sale of his automobiles. This court lacks jurisdiction to entertain such claims and thus plaintiff's complaint should be dismissed with prejudice for failing to state a claim for which relief may be granted.

### 8. Conclusion and Recommendation

      As has been shown above, all of plaintiff's claims are subject to dismissal either as frivolous, for failure to state a claim for which relief may be granted, or, for seeking monetary

13

damages against parties who are immune from suit.

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** on those grounds pursuant to the provisions of 28 U.S.C. §§1915(e)(2)(B)(i), (ii), and (iii) and 1915A(b)(1) and (2).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on July 2, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)